UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON P. MOORE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-0986 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff argues that the Administrative Law Judge erred at step five of the sequential evaluation. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

PROCEDURAL BACKGROUND

In June of 2012, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on April 1, 2009. (Transcript

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 7 & 9.)

1

("Tr.") at 28, 224-39.) Plaintiff's applications were denied initially, (id. at 154-62), and upon reconsideration. (Id. at 165-69.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on May 6, 2014. (Id. at 49-77.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 49-51.) In a decision issued on August 22, 2014, the ALJ found that plaintiff was not disabled. (Id. at 44.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity since April 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: lumbar spine degenerative disc disease (DDD), chronic low back pain, Crohn's disease, headaches secondary to status post assault, anxiety, and polysubstance dependence in full sustained remission (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except walk/stand for four hours, sit four hours, occasionally perform postural activities but no climbing ladders/ropes/scaffolds, and change positions frequently but no sit/stand option.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on December 14, 1980 and was 28 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-

2

|   |   |
|---|---|
| 1 | 41 and 20 CFR Part 404, Subpart P, Appendix 2). |
| 2 | 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)). |
| 3 | |
| 4 | |
| 5 | 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). |
| 6 | |

(Id. at 30-44.)

On March 11, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's August 22, 2014 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on May 9, 2016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

3

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts that the ALJ erred at step five of the sequential evaluation. (Pl.'s MSJ (ECF No. 19) at 4-15.[2]) At step five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (alterations in original)). "To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations." Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016).

While an ALJ may pose a range of hypothetical questions to a vocational expert ("VE") based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final residual functional capacity assessment, must account for all of the limitations and

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

restrictions of the particular claimant.  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

"If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings."). Moreover, "[w]hen there is an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT")—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." Zavalin, 778 F.3d at 846.

Here, The ALJ first asked the VE, in relevant part, to assume

> a hypothetical person same age and education as Mr. Moore. This hypothetical person can occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; can stand or walk for four hours in an eight-hour work day; can sit for four hours in an eight-hour work day; and he can change position frequently.

(Id. at 72.)  The VE then identified jobs that such a person could do.  (Id.)

The ALJ then asked the VE:

> So if we take it to sedentary for Hypothetical No. 2; push/pull is commensurate is (sic) lift/care; no ladders, ropes, and scaffolds; other posturals are occasional; simple, routine, and repetitive tasks; with frequent contact with the public and coworkers.
>
> Again, change of positions, not sit-stand - - change of position, frequent.
>
> Could this person do past relevant work?

(Id. at 75.)  The VE answered no, but then identified the jobs of telephone order clerk, DOT # 209.567-014, charge account clerk, DOT # 205.367-014, and order clerk, DOT # 209.567-014, that such an individual could perform.[3]  (Id. at 75-76.)

---

[3] The VE provided DOT # 209.567-014 for the job of telephone order clerk and order clerk. (Tr. at 75-76.)

5

The ALJ ultimately found, in relevant part, that plaintiff had "the residual functional capacity to perform sedentary work . . . except . . . sit four hours . . . ." (Id. at 33.) Moreover, the ALJ relied on the VE's testimony and found that plaintiff could perform the jobs of telephone order clerk, charge account clerk, and order clerk. (Id. at 43.) The jobs identified by the ALJ, however, require the ability to perform sedentary work. See DICOT 205.367-014; DICOT 209.567-014.

> The ability to perform the full range of sedentary work requires the ability to lift no more than 10 pounds at a time and occasionally to lift or carry articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one that involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. "Occasionally" means occurring from very little up to one- third of the time, and would generally total no more than about 2 hours of an 8-hour workday. <u>Sitting would generally total about 6 hours of an 8-hour workday.</u> Unskilled sedentary work also involves other activities, classified as "nonexertional," such as capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions.
>
> ***
>
> **Sitting**: <u>In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals. If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded. The extent of the limitation should be considered in determining whether the individual has the ability to make an adjustment to other work</u>. See *Alternate sitting and standing below*.
>
> The fact that an individual cannot do the sitting required to perform the full range of sedentary work does not necessarily mean that he or she cannot perform other work at a higher exertional level. In unusual cases, some individuals will be able to stand and walk longer than they are able to sit. If an individual is able to stand and walk for approximately 6 hours in an 8-hour workday (and meets the other requirements for light work), there may be a significant number of light jobs in the national economy that he or she can do even if there are not a significant number of sedentary jobs.

TITLES II AND XVI: DETERMINING CAPABILITY TO DO OTHER WORK-IMPLICATIONS OF A RESIDUAL FUNCTIONAL CAPACITY FOR LESS THAN A FULL RANGE OF SEDENTARY WORK, 1996 WL 374185, at *6-7 (emphasis added).

In this regard, the jobs identified by the VE would require "about 6 hours of" of sitting. (Id. at * 3.) The ALJ found, however, that plaintiff could only sit for four hours. (Tr. at 33.) Thus, there appears to be a conflict between the VE's testimony and the DOT, assuming the ALJ asked the VE a complete hypothetical question based on the ALJ's residual functional capacity determination and the VE understood the question.[4]

Defendant argues that the ALJ found plaintiff capable of performing "a capability greater than the typical sedentary job but less than the typical light job," and thus the VE was identifying subcategories of jobs. (Def.'s MSJ (ECF No. 23) at 6.) And it is true that "vocational experts can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT." Distasio v. Shalala, 47 F.3d 348, 350 (9th Cir. 1995) ("something along the lines of 'light-minus' or 'sedentary-plus'").

Here, however, it is not clear that the VE was providing such testimony. Nor is it clear that the ALJ's hypothetical question to the VE accounted for all of plaintiff's limitations. In this regard, the ultimate hypothetical relied upon by the ALJ stated:

> So if we take it to sedentary for Hypothetical No. 2; push/pull is commensurate is (sic) lift/care; no ladders, ropes, and scaffolds; other postural are occasional; simple, routine, and repetitive tasks; with frequent contact with the public and coworkers.
>
> Again, change of positions, not sit-stand - - change of position, frequent.
>
> Could this person do past relevant work?

(Tr. at 75.) The ALJ's hypothetical, however, did not explicitly state that the individual was limited to four hours of sitting.

Defendant argues that the ALJ's first hypothetical question, however, did address the limitation to four hours of sitting and that "it is very clear from the hearing colloquy that the vocational expert understood that the ALJ only modified the lifting and carrying capability between the two hypothetical questions." (Def.'s MSJ (ECF No. 23) at 8.) Although it is certainly possible that the VE understood the ALJ's question as interpreted by defendant the court finds it decidedly unclear from a reading of the transcript. See Bray, 554 F.3d at 1225 ("Long-

---

[4] As noted below, it is not clear to the court that the ALJ posed a complete hypothetical question.

standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991) ("the failure to clarify DeLorme's limitations left the vocational expert's testimony couched in somewhat ambiguous terms").

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this matter should be remanded further proceedings. (Pl.'s MSJ (ECF No. 19) at 15.) The court agrees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 23) is denied;

////

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: September 12, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\moore0986.ord